UNITED STATES COURT OF APPEALS
                                                                                 FOR THE FIRST CIRCUIT
                                                                                  ____________________
                          No. 97-1587
                                                                              JOHN F. TUPPER, ET AL.,
                                                                             Plaintiffs - Appellants,
                                                                                                        v.
                                                                            UNITED STATES OF AMERICA,
                                                                                 Defendant - Appellee.
                                                                                  ____________________
                                                    APPEAL FROM THE UNITED STATES DISTRICT COURT
                                                                  FOR THE DISTRICT OF MASSACHUSETTS
                                                [Hon. Reginald C. Lindsay, U.S. District Judge]
                                                                                  ____________________
                                                                                                   Before
                                                                              Torruella, Chief Judge,
                                                                               Boudin, Circuit Judge,
                                                                      and Woodlock, District Judge.
                                                                                 _____________________
                                      Lawrence H. Lissitzyn, with whom Reid and Riege, P.C.,
                          Susan E. Stenger and Perkins, Smith & Cohen, LLP were on brief for
                          appellants.
                                      Robert W. Metzler, Attorney, Tax Division, U.S. Department of
                          Justice, with whom Loretta C. Argrett, Assistant Attorney General,
                          Donald K. Stern, United States Attorney, and Kenneth L. Greene,
                          Attorney, Tax Division, U.S. Department of Justice, were on brief
                          for appellee.
                                                                                  ____________________
                                                                                       January 12, 1998
                                                                                  ____________________
                                Of the District of Massachusetts, sitting by designation.
                                                   TORRUELLA, Chief Judge.                                                 The trustees of both a
                          multiemployer pension plan trust and an annuity plan trust appeal
                          a judgment from the district court.                                                             The court held that during
                          1986, 1987, and 1988, when the plans had failed to meet the
                          requirements of the Employee Retirement Income Security Act
                          ("ERISA") and Internal Revenue Code ("I.R.C.") § 401(a), the trusts
                          could not qualify as exempt from taxation as "labor organizations"
                          under I.R.C. § 501(c)(5). We affirm.
                                                                                              BACKGROUND
                                                   The Plumbing, Pipe Fitting and Heating Contractors
                          Association of Brockton and Vicinity (the "Employers") and the
                          Local Union 276 of the United Association of Journeymen and
                          Apprentices of the Plumbing and Pipe Fitting Industry of the United
                          States and Canada (the "Union") entered into collective bargaining
                          agreements in 1959 and 1983 providing for the creation of a defined
                          benefit pension plan and a money purchase annuity plan respectively
                          (the "plans").                           According to the plans, half of the trustees of
                          each plan trust are appointed by the Employers and half by the
                          Union.                The trustees are currently John F. Tupper, Robert S.
                          Norvish, Raymond F. Brierly, Louis M. Colombo, Edward F. Cruz, and
                          Dennis J. Cruz (the "trustees"). The trusts are funded entirely by
                          employer contributions and exist solely to provide pension and
                          annuity benefits for plan participants and beneficiaries.
                                                   In 1974, after the pension plan had been in existence for
                          fifteen years, ERISA was passed.                                                  See Pub. L. No. 93-406, 88 Stat.
                          829.            ERISA resulted from a Congressional finding that pension
                                                                                                       -2-
                          benefits promised to employees were not being adequately protected.
                          See ERISA § 2(a). Congress created a system of tax incentives and
                          penalties in order to ensure protection of these funds. Pursuant
                          to ERISA, a form containing certain information about a pension
                          plan must be filed annually with the IRS in order to qualify the
                          fund for tax exemption under I.R.C. § 401(a). See IRS Form 5500.
                          The plans at issue in this case submitted these forms for 1986,
                          1987, and 1988.
                                                   An Internal Revenue Service ("IRS") audit for those three
                          years revealed that the documents of the plans failed to meet the
                          requirements of I.R.C. § 401(a) and found that the pension trust
                          was not being operated in compliance with its plan.                                                                               Consequently,
                          the trustees paid over $450,000 in back taxes and then filed claims
                          in federal court for refund, claiming entitlement to a tax
                          exemption under various theories.                                                            All of those theories were
                          eventually dismissed by the trustees' stipulation, save one
                          somewhat novel claim which was the object of the district court's
                          order and this appeal. The only question at issue in this case is
                          whether the trusts, failing to meet ERISA standards, alternatively
                          qualified for a tax exemption under I.R.C. § 501(c)(5) as "labor
                          organizations."
                                                   The District Court of Massachusetts rejected a magistrate
                          judge's recommendation that summary judgment be granted in favor of
                          the trusts on this question, granting summary judgment in favor of
                          the United States. This appeal followed.
                                                                                                       -3-
                                                                                              DISCUSSION
                                                   An award of summary judgment is reviewed de novo.                                                                                 See
                          United Nat'l Ins. Co. v. Penuche's, Inc., 128 F.3d 28, 30 (1st Cir.
                          1997). We view the entire record in the light most hospitable to
                          the party opposing summary judgment, indulging all reasonable
                          inferences in that party's favor. See Ahern v. O'Donnell, 109 F.3d
                          809, 811 (1st Cir. 1997).                                                         However, taxpayers must prove
                          unambiguously that they are entitled to exemptions.                                                                                      See United
                          States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988). Therefore,
                          if "doubts are nicely balanced" regarding the applicability of a
                          tax exemption, the exemption must be accorded its more limited
                          interpretation.                             Troter v. Tennessee, 290 U.S. 354, 356 (1933).
                          Thus, while factual doubts must be resolved in favor of the
                          trustees in this case, legal ambiguities must be resolved in favor
                          of the United States. We proceed with these standards in mind.
                                                   It is tautological that, when asked to interprete a
                          statute, a court first looks to the text of that statute.                                                                                                  See
                          Strickland v. Commissioner, Me. Dep't of Agric., 48 F.3d 12, 17
                          (1st Cir. 1995).                                If our query is not answered by the text, we
                          skeptically                       examine                legislative                       history                in         search               of         an
                          "unmistakable                          expression                      of          congressional                           intent"                 before
                          considering                       agency                interpretations                              or          other               devices                 of
                          construction. See id.
                                                   Thus, we begin our analysis with I.R.C. § 501(c)(5),
                          which provides a tax exemption for "labor organizations." However,
                                                                                                       -4-
                          this term is not defined in the statute.                                                                                 Furthermore, the
                          legislative history regarding this provision offers no insights
                          into whether a pension trust established pursuant to collective
                          bargaining and controlled jointly by the union and the employers
                          was meant to be exempt from taxation.                                                          See Stichting Pensioenfonds
                          Voor de Gezondheid v. United States, 129 F.3d 195, 198 (D.C. Cir.
                          1997)("Stichting")(noting that the text and legislative history of
                          I.R.C. § 501 (c)(5) provide "little help" in understanding the
                          scope of the term "labor organization").                                                                      In their briefs, both
                                   Courts routinely look to other statutes when construing a
                          particular statutory term, see Friends of the Boundary Wilderness
                          v. Robertson, 978 F.2d 1484, 1490 (8th Cir. 1992).                                                                             While the term
                          "labor organization" is not defined anywhere in the I.R.C., the
                          National Labor Relations Act ("NLRA") defines the term as "any
                          organization of any kind, or any agency or employee representation
                          committee or plan, in which employees participate and which exists
                          for the purpose, in whole or in part, of dealing with employers
                          concerning grievances, labor disputes, wages, rates of pay, hours
                          of employment, or conditions of work."                                                                 See 29 U.S.C. § 152(5).
                          The Supreme Court has held that this NLRA definition is susceptible
                          to very broad interpretation.                                                     See Marine Engineers Beneficial
                          Ass'n v. Interlake S.S. Co., 370 U.S. 173, 181-82 (1962); NLRB v.
                          Cabot Carbon Co., 360 U.S. 203, 211 n.7 (1959).                                                                              However, even a
                          broad interpretation of this inclusive definition would not
                          encompass the plans at issue. Nonetheless, we will continue with
                          our analysis of the question presented by this case because we are
                          hesitant to import definitions from statutes with unrelated or
                          cross-purposes. See General Dynamics Corp. v. Director, Office of
                          Workers' Comp. Programs, 585 F.2d 1168, 1170 (1st Cir. 1978).                                                                                              The
                          I.R.C. and the NLRA have very different objectives.                                                                               It is unclear
                          whether Congress intended to exempt from taxation each organization
                          and only those labor organizations which it felt necessary to
                          regulate via the Taft-Hartley Act and the NLRA.                                                                                     Furthermore,
                          neither party addressed the applicability of the NLRA definition to
                          I.R.C. § 501(c)(5).
                                  In Stichting, the Court of Appeals for the District of Columbia
                          Circuit recently addressed the same question posed here; i.e.,
                          whether a jointly-controlled employer-funded pension fund was
                          exempt from taxation under § 501(c)(5) of the Internal Revenue
                          Code.                  The          court            concluded                   that            the         plaintiff                   failed              to
                          unambiguously establish that such funds were "labor organizations"
                                                                                                       -5-
                          the United States and the trustees candidly acknowledge that we
                          must look beyond the I.R.C. for guidance in this case.
                                                   We next turn to the Treasury Department's Regulations
                          that have been adopted in order to elaborate upon the definition of
                          the term "labor organization" in 501(c)(5).                                                                            These regulations
                          provide as follows:
                                                   The organizations contemplated by section
                                                   501(c)(5) as entitled to exemption from income
                                                   taxation are those which:
                                                   (1)             Have no net earnings inuring to the
                                                   benefit of any member, and
                                                   (2)          Have as their objects the betterment of
                                                   the conditions of those engaged in such
                                                   pursuits [i.e., labor], the improvement of the
                                                   grade of their products, and the development
                                                   of a higher degree of efficiency in their
                                                   respective occupations.
                          26 C.F.R. § 1.501(c)(5)-1(a) (1997).                                                              If these regulations were
                          according to the Code. 129 F.3d at 200.
                                The United States argues that the congressional debates of 1909
                          do hint at a desire to exempt only representational entities under
                          § 501(c)(5). However, the history does not reveal an "unmistakable
                          expression of congressional intent" on this point. See Strickland,
                          48 F.3d at 17.                               There is no evidence that Congress envisioned
                          modern pension plans like the one at issue in this case during
                          these debates.                                Furthermore, the United States' argument is
                          unpersuasive in light of the numerous Revenue Rulings in which the
                          IRS has consistently exempted various non-representational entities
                          under this provision. See discussion infra. Furthermore, Congress
                          has amended § 501(c) ten times since 1980 without ever clarifying
                          the term "labor organization."                                                      See 26 U.S.C.A. § 501 (tracing
                          these amendments).                                      While "congressional inaction frequently
                          betokens unawareness, preoccupation, or paralysis,"                                                                                          Zuber v.
                          Allen, 396 U.S. 168, 185-186 n.21 (1969), when a specific
                          subsection has received repeated congressional attention without
                          any revision or clarification of a term which has been consistently
                          interpreted by an administrative agency, there is a presumption
                          that Congress is familiar with and supportive of the agency's
                          interpretation. See Lorillard v. Pons, 434 U.S. 575, 580 (1978);
                          Estey v. Commissioner, Me. Dept. of Human Services, 21 F.3d 1198,
                          1214 (1st Cir. 1994) (Cyr, J. dissenting).
                                                                                                       -6-
                          applied consistently by the IRS, this case could be decided on the
                          definition provided therein.                                                  Clearly the pension funds do not
                          improve the grade of the workers' products or develop a higher
                          degree of efficiency in the plumbing and pipefitting professions.
                          However, while we accord due deference to all reasonable agency
                          interpretations of a statute, see Strickland, 48 F.3d at 17, the
                          IRS's interpretation of the I.R.C. is reflected in Treasury
                          Regulations together with Revenue Rulings. See 26 C.F.R. § 1.6661-
                          3 (1997). An examination of the IRS Revenue Rulings interpreting
                          § 501(c)(5) reveals that these regulations are routinely applied so
                          liberally as to render them virtually useless in the present case.
                                                   In its Revenue Rulings, the IRS has held that "[a]n
                          organization which is engaged in activities appropriate to a labor
                          union, even though technically not a labor union itself, may
                          qualify for exemption under § 501(c)(5)." Rev. Rul. 75-473, 1975-2
                          C.B. 213; see also Rev. Rul. 67-7, 1967-1 C.B. 137, 138 (same).
                          Over the years, pursuant to § 501(c)(5), the IRS has exempted a
                          union stewardship trust, a union dispatch hall, and a union
                          newspaper.                     See, respectively, Rev. Rul. 77-5, 1977-1 C.B. 145;
                          Rev. Rul. 75-473, 1975-2; Rev. Rul. 68-534, 1968-2 C.B. 217.                                                                                            Much
                          like the trusts at issue, it is difficult indeed to see how these
                          entities "improved the grade of workers' products" and "developed
                          a higher degree of efficiency in their respective occupations" in
                          accordance with the Treasury Regulations.                                                                    The plan trusts, like
                          the examples above, have no net earnings inuring to the benefit of
                          any member, and, in a sense, have as their objects the betterment
                                                                                                       -7-
                          of the conditions of the union members participating in the plans.
                          Against these background interpretations of the applicable Treasury
                          Regulations, we must look elsewhere for guidance in deciding this
                          case.
                                                   The trustees urge this court to consider General Counsel
                          Memoranda ("GCMs") in order to establish that, pursuant to § 501
                          (c)(5), the IRS has exempted entities similar to the plan trusts.
                          GCMs are legal memoranda from the Office of Chief Counsel to the
                          IRS prepared in response to a formal request for legal advice from
                          the Assistant Commissioner (Technical).                                                                            See Taxation With
                          Representation Fund v. Internal Revenue Service, 646 F.2d 666, 669
                          (D.C. Cir. 1981). Completed GCMs are distributed to key officials
                          within the IRS.                              See id. at 670.                                The Office of Chief Counsel
                          retains GCMs, and indexes and digests them as an in-house research
                          tool.             See id.                 While the Internal Revenue Manual instructs IRS
                          personnel not to use GCMs as precedents in the disposition of other
                                In awarding summary judgment to the United States in Stichting,
                          the D.C. District Court recognized a pattern in Revenue Rulings
                          whereby non-representational entities which were not controlled by
                          unions              were            not         exempted                  under             501(c)(5).                         See          Stichting
                          Pensioenfonds Voor de Gezondheid v. United States, 950 F. Supp.
                          373, 377-378 (D.D.C. 1996), aff'd, 129 F.3d 195 (D.C. Cir. 1997).
                          The D.C. Circuit did not address this "pattern" on appeal, and we
                          are reluctant to draw any conclusions from the district court's
                          analysis. The Internal Revenue Service has never held out control
                          as a litmus test for the § 501(c)(5) "labor organization"
                          exemption. Moreover, in two Revenue Rulings discussed above, the
                          Service exempted a jointly-supervised dispatch hall and an
                          employer-controlled trust funding a stewardship organization under
                          the provision.                           See, respectively, Rev. Rul. 75-473, 1975-2 C.B.
                          213; Rev. Rul. 77-5, 1977-1 C.B. 146. While one might argue that
                          each of these examples has a stronger union "nexus" than the trusts
                          in this case, we are unpersuaded that current regulations require
                          a taxpayer seeking a § 501(c)(5) "labor organization" exemption to
                          be either a representational or union-controlled entity.
                                                                                                       -8-
                          cases, they may refer to GCMs for guidance in negotiations and in
                          formulating a district office position on an issue.                                                                                             See id.
                          (citing Internal Revenue Manual § 4245.3). Furthermore, GCMs are
                          extensively cross-referenced and updated to reflect current agency
                          policy. See id. at 682. As the D.C. Circuit has recognized, GCMs
                          constitute the "working law" of the agency, and are thus of use to
                          courts and taxpayers as a research tool providing a substantially
                          consistent interpretation of the I.R.C. See id. at 683.
                                                   However, under the Treasury Regulations, GCMs do not
                          establish precedent, and taxpayers cannot cite GCMs as authority
                          against the United States in litigation. See 26 C.F.R. § 1.6661-
                          3(b)(2)(1997)(unlike Revenue Rulings, GCMs are not "authority").
                          This is precisely what the trustees seek to do. GCMs may be looked
                          to as a research tool by any interested court or party, but they
                          are not authority in this court. See Stichting, 129 F.3d at 200.
                          When a reasonable regulation has been instituted pursuant to proper
                          administrative procedures, federal courts must accord deference to
                          the regulation. See Chevron v. Natural Resources Defense Council,
                          467 U.S. 837, 843 (1984); Cohen v. Brown University, 101 F.3d 155,
                          195 (1st Cir. 1996), cert. denied, 117 S. Ct. 1469 (1997).                                                                                         We are
                          thus precluded from considering GCMs in the manner urged by the
                          trustees.
                                In Morganbesser v. United States, 984 F.2d 560 (2d Cir. 1993),
                          the Second Circuit addressed the same issue presented by this case
                          and Stichting. The panel, with one judge dissenting, held that a
                          jointly-controlled pension fund was entitled to a tax exemption
                          under § 501(c)(5) as a "labor organization."                                                                                      The majority
                          decision, however, relied on GCMs. As explained above, we cannot
                          follow this course. See also Stichting, 129 F.3d at 200 (declining
                                                                                                       -9-
                                                   Finding no definitive resolution of this issue in the
                          text or history of § 501(c)(5), the Treasury Regulations, or
                          precedential Revenue Rulings, we look at congressional treatment of
                          jointly-controlled pension funds under other Internal Revenue Code
                          provisions to see if the trustees' interpretation of the 501(c)(5)
                          exemption is consistent with pronouncements about the taxation and
                          regulation of such funds. Unfortunately for the taxpayers in this
                          case, it is not.
                                                   In the Revenue Act of 1962, Pub. L. No. 87-834, § 25, 76
                          Stat. 960, Congress enacted a provision that allowed a particular
                          pension plan to qualify retroactively under § 401(a). In so doing,
                          the Senate Finance Committee stated that "[u]nder present law, a
                          pension trust is qualified for income tax exemption only if it
                          meets certain requirements relating to coverage of employees and
                          nondiscrimination of contributions or benefits." S. Rep. No. 87-
                          1881, at 300, reprinted in 1962-3 C.B. 707, 837.                                                                               This statement
                          implies that Congress intended § 401(a) as the only umbrella under
                          which pension trusts might shield themselves from tax liability.
                                                   Congress again spoke on this issue when enacting ERISA.
                          The House Ways and Means Committee explained that employer-provided
                          plans are "required to comply with the new coverage, vesting, and
                          to follow Morganbesser's reliance on "the precedentially dubious"
                          GCMs). Furthermore, as the D.C. Circuit noted in Stichting, id.,
                          Morganbesser did not mention the Supreme Court's directive that
                          "[e]xemptions from taxation are not to be implied . . . they must
                          be unambiguously proved." United States v. Wells Fargo Bank, 485
                          U.S. 351, 354 (1988).
                                                                                                      -10-
                          funding standards in order to qualify for the favored tax treatment
                          [i.e. tax exemption] under the Internal Revenue Code." H.R. Rep.
                          No. 93-807 at 3, 31, reprinted in 1974-3 C.B. (Supp.) 238, 266.                                                                                              At
                          the very least, these statements reveal that Congress was not
                          anticipating a section 501(c)(5) "end run" around § 401(a)'s
                          requirements for employer-provided pension funds. At most, these
                          statements imply an affirmative intent to exclude these plans from
                          the 501(c)(5) exemption.
                                                   Furthermore, ERISA sections 413 (a) & (b) specifically
                          include multiemployer-funded pension plans established pursuant to
                          collective bargaining agreements as entities covered under the
                          regulation.                        It is hard to imagine that Congress would have
                          painstakingly designed ERISA, choosing to use a conditional tax
                          exemption as the primary incentive to ensure compliance, and at the
                          same time would offer tax exemptions to all jointly controlled
                          pension plans as "labor organizations" under § 501(c)(5). As the
                          Supreme Court has stated, federal courts are "reluctant to tamper
                          with an enforcement scheme crafted with such evident care as the
                          one in ERISA" and we see no need to do so here. Massachusetts Mut.
                          Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985).
                                                   Presented with no authority which clearly establishes an
                          exemption under 501(c)(5) for the plan trusts at issue, and
                          recognizing that such an interpretation would be at odds with, if
                          not directly contrary to, the statements Congress has made
                          regarding the proper taxation of such entities, we conclude that
                          the trustees have failed to "unambiguously" establish their
                                                                                                      -11-
                          entitlement to a tax exemption.                                                     See also Stichting, 129 F.3d at
                          200 (reaching the same result).
                                                                                              CONCLUSION
                                                        For the reasons stated herein, the order of the
                          district court is affirmed.
                                 It is worth noting that Treasury Department Regulations have
                          been            proposed                 which             would             clarify                 the          meaning                of        "labor
                          organization" under § 501(c)(5). See 62 Fed. Reg. 40,447, 40,449
                          (1997) (adding proposed 26 C.F.R. § 1.501(c)(5)-1(b)(1)).                                                                                             Under
                          the proposed regulations, pension funds would be explicitly
                          excluded from the exemption.                                                         Thus, the primary dispute in
                          Stichting, Morganbesser, and the present case may soon be
                          definitively resolved.
                                                                                                      -12-